No. 5907.

# JAMES T. NEWMAN vs. LONGSHOREMEN'S P. U. BENEVOLENT ASSOCIATION.

## Syllabus.

In a general way the principle of tacit reconduction applies to a contract of hiring as well as to a lease upon property.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 97,073. Hon. T. C. W. Ellis, Judge.

Rice & Montgomery, for plaintiff and appellee.

John J. McCloskey, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The facts of this case are practically undisputed. Defendant is a mutual aid society and employs a physician who is paid at the rate of $1,450.00 per year. Plaintiff was at one time its physician and now sues for compensation alleged to be due him as aforesaid:

1. For three months' services, from March 14, 1910, to June 14, 1910... $306.50
2. For nine months' service, from June 14, 1910, to March 14, 1911....... 1,087.50
3. For three months' services, from March 14, 1911, to June 14, 1911... 350.00
4. For one month's services, from June 14, 1911, to July 11, 1911.......... 108.75

Total .......... ................$1,852.75

— 38 —

To the first item, amounting to $306.50, defendant pleads payment; but its plea is not borne out by the evidence. On March 14, 1909, it admittedly owed plaintiff $300; and at sundry times thereafter he was paid various sums amounting in all to $1,750. This sufficed to discharge the back debt of $300 and his compensation for one year, to-wit, until March 14, 1910. The quarter running from March 14, 1910, to June 14, 1910, is therefore still unpaid.

The third item, amounting to $350, is admitted to be due.

As to the fourth item amounting to $108.75, it is shown that with the consent of all, plaintiff was holding over as physician, and rendering services as such, between the time when his contract expired in June, 1911, and that at which his successor was elected in July following. In a general way the principle of tacit reconduction applies to a contract of hiring as well as to a lease upon property.

**Alba vs. Moriarity, 36 An., 685.**

The above three items are therefore all due and unpaid.

As to the second and only remaining item, amounting to $1,087.50, it is difficult to perceive on what theory plaintiff can recover. It is shown that at an election held in July, 1910, one Dr. P. H. V. De Joie was elected physician of the association and proceeded to render services to the members of the association during that period, for which he was paid; that plaintiff, who had been defeated for re-election, was notified to render no further services for account of the association (though no such notice was at all necessary).

It is true that the election of July, 1910, was afterwards set aside for some informality, and that at a new

—39—

**election** in March, 1911, plaintiff was then elected. But we fail to see how this entitles him to claim compensation for the nine months during which he was **not** the physician of the association.

Granting, however, that plaintiff might perhaps at one time have had some shadow of a claim for such compensation, it is quite certain that he has none now. For it is shown that at the aforesaid election of March, 1911, in order to gain votes, he circulated or at least knowingly permitted to be circulated, a printed address to the members of the association, in which he pledged himself never to urge any such claim. And it would be countenancing bad faith for us to permit him now to repudiate that pledge.

The judgment appealed from must be amended, and we find it more convenient to recast it **in toto.**

It is therefore ordered that the judgment herein appealed from be amended and recast so as to read as follows, to wit: It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, James T. Newman, and against the defendant, the Longshoremen's Protective Union Benevolent Association, for the full sum of seven hundred and sixty-five 25/100 dollars. ($765.25) with legal interest as follows, to-wit; on $306.50 from June 14, 1910; on $350, from June 14, 1911, and on $108.75 from July 11, 1911.

It is further ordered that plaintiff pay the costs of this appeal and defendant all other costs of suit.

Amended and affirmed.

Opinion and decree November 24, 1913.

Rehearing refused, December 22, 1913.